Weldon, J.,
delivered the opinion of the court:
The allegations of the petition and the findings show that the claimant’s cause of action originated more than twenty years prior to the filing of the petition; but it is insisted by the counsel for petitioner that the statute of limitations does not apply, for the reason that the claimant presented his claim *217 to the Treasury Department witliin the time limited, in which, by the requirement of the statute, the petitioner was compelled to bring suit in this court.
The finding shows that the claim was presented to the Department in 1864, and disallowed by the Comptroller; was again presented in 1882 to the Department, and disallowed by the Comptroller.
It is contended by counsel that such a presentation prevents the statute from operating as a bar, and brings the claim of the petition within the rule announced by this court in the case of Lippitt v. The United States (reported in 14 C. Cls. R., 149), and McClure's Case (19 id., 18).
The case at bar and the two cases referred to are in law essentially different. The case in the 14th and 19th were both a reference to this court, by the head of a Department, of a matter or claim pending in the Department, and were not barred by any statute of the United States in either Department. It is said in the syllabus of the Lippitt Case: “Where a claim was presented to the Secretary of War within six years after it accrued, and, having been held by him without action until more than six years have elapsed, is then transmitted to this court because it involves controverted questions of law and the decision thereof will affect a class of cases, the statute of limitations does not bar the consideration of the case upon its merits.”
This case does not come within the law determined in either case, for the reason that this is a voluntary suit, not based on the reference of a Department, but comes before the court upon the original petition of the claimant. We are not asked by the head of a Department to judicially determine the validity of a matter or claim pending in a Department, but to pass upon a claim against the Government within the ordinary jurisdiction of this court. If we have jurisdiction now of the subject-matter of this claim, that jurisdiction was inherent in the court at the time the claim originated, and as there is nothing in the record to prevent or suspend the application of the statute of limitations, it is a complete bar to the claim of the petitioner.
It is the judgment of the court that the petition be dismissed.